IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ABELORDO JOSE AYALA, | ) CIVIL NO. 10-00555 JMS |
| | ) CRIMINAL NO. 07-00268-08 JMS |
| Petitioner, | ) |
| | ) ORDER: (1) DISMISSING |
| vs. | ) PETITIONER'S MOTION UNDER |
| | ) 28 U.S.C. § 2255 TO VACATE, SET |
| UNITED STATES OF AMERICA, | ) ASIDE, OR CORRECT SENTENCE |
| | ) BY A PERSON IN A FEDERAL |
| Respondent. | ) CUSTODY; AND (2) DENYING A |
| | ) CERTIFICATE OF |
| _____ | ) APPEALABILITY |

**ORDER: (1) DISMISSING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN A FEDERAL CUSTODY; AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

On February 7, 2008, 2006, Petitioner Abelordo Jose Ayala ("Ayala") pled guilty to a single count of possession with intent to distribute fifty grams or more of methamphetamine. On June 2, 2008, the court sentenced Ayala to 120 months incarceration; judgment was entered on June 6, 2008. On September 27, 2010, over twenty-seven months later, Ayala filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in a Federal Custody (the "Petition").

On September 29, 2010, the court entered an Order to Show cause why the Petition should not be dismissed as untimely (the "September 29 OSC").

After reviewing the Petition and Ayala's Response to the September 29 OSC, the court DISMISSES the Petition as untimely and DENIES a Certificate of Appealability.

## I. BACKGROUND

In his Petition, Ayala raises various grounds attacking his sentence, and argues that he did not previously raise any of these arguments because "he always believed that his attorney had filed his notice of appeal." Pet'n ¶ 13. The September 29 OSC explained the triggering events for the one-year statute of limitations outlined in 28 U.S.C. § 2255(f), and explained that none of them appeared to apply in such a way to make the Petition timely. On November 1, 2010, Ayala filed his Response to the September 29 OSC, arguing that he did not discover his counsel's failure to file an appeal until after the one year statute of limitations had already run, and that alternatively, the statute of limitations did not begin to run until after *Gall v. United States*, 552 U.S. 38 (2007), *Rita v. United States*, 551 U.S. 338 (2007), and the Second Chance Act. In support of his first contention, Ayala asserts that:

> he made attempts to reach trial counsel in order to inquire about the status of his appeal, asserts that, at sentencing, he asked his attorney to file a notice of appeal. Additionally, Petitioner had his wife call trial counsel's office to request that he go visit him in jail, and to make

>   sure that he files a notice of appeal. At this time still
>   remaining time to file an appeal.

Response at 9.

## II. ANALYSIS

A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Petition is not timely under § 2255(f)(1). Judgment becomes final the day following the last day on which notice of appeal to the Ninth Circuit could have been filed. *See United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir. 2000) ("[A] judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence."). The deadline for filing a notice of appeal was

within ten days of this court's entry of judgment on June 6, 2008. *See* Fed. R. App. Proc. 4(b)(1)(A) & 26(a) (2008).[1] Therefore, Ayala had through June 20, 2008 to file the notice and the judgment became final on June 23, 2008. Ayala filed his Petition over twenty-seven months after this date -- well past the one-year deadline outlined in § 2255(f)(1).

Sections 2255(f)(2) and (f)(3) likewise offer no relief to Ayala -- Ayala is not asserting that a governmental impediment prevented him from bringing this action. Further, while the Petition asserts that the court's sentencing does not comply with recent Supreme Court decisions and the Second Chance Act, the only cases Ayala cites were effective *before* Ayala was sentenced. *See Gall v. United States*, 552 U.S. 38 (2007); *Rita v. United States*, 551 U.S. 338 (2007).

As for § 2255(f)(4), it tolls the statute of limitations until the date on which the *facts* supporting the claim or claims could have been discovered through the exercise of reasonable diligence. This provision "does not require the maximum feasible diligence, only due, or reasonable, diligence." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Wims v. United States*, 225 F.3d 186, n.4 (2d Cir. 2000). In other words, reasonable diligence "does not

---

[1] In 2009, the Federal Rules of Appellate Procedure were amended to allow for fourteen days for the filing of a notice of appeal. *See* Fed. R. App. Proc. 4(b)(1)(A) & 26(a).

require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Id.* (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002). Rather, a prisoner must "make *reasonable* efforts to discover the facts supporting his claims." *Id.*

Although Ayala asserts that he attempted to contact his attorney several times before the time for filing an appeal passed, Ayala has put forward no facts that would account for why, after the time to file an appeal expired (i.e., June 23, 2009), he failed to file this Petition until September 27, 2010. The lack of any evidence whatsoever to explain this delay does not establish that Ayala was reasonably diligent in discovering whether his attorney filed an appeal. *See. e.g.*, *id.* at 819 (finding that "wait[ing] an entire year to even *contact* his attorney regarding his appeal" falls "far short of reasonable diligence"). In sum, Ayala has failed to address in any meaningful fashion how he was diligent in learning of his claims that would allow application of § 2255(f)(4).

Finally, the Petition does not indicate any circumstances that would entitle Ayala to equitable tolling. "Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time [and those] extraordinary circumstances [are] the cause of [the] untimeliness." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (internal

5

quotation signals and citation omitted).  "A litigant seeking equitable tolling . . . bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Ayala has proven neither.

### III.  CERTIFICATE OF APPEALABILITY

In dismissing the Petition, the court must also address whether Ayala should be granted a certificate of appealability ("COA").  *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.")  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient."  *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).  The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further."  *Id.* (citation and internal quotation marks omitted).  The standard "requires something more than the absence of frivolity but something less than a merits determination."  *Id.* (internal quotation marks omitted).

The court carefully reviewed whether Petitioner's claims are timely, outlined the statute of limitations for Ayala, and provided the opportunity for Ayala to explain why Petition is timely.  He failed to do so.  Based on the above analysis, the court finds that reasonable jurists would not find the court's rulings debatable.  Accordingly, a COA is DENIED.

## IV.  CONCLUSION

The court DISMISSES the Petition as untimely and DENIES a COA.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 2, 2010.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ayala v. United States,* Civ. No. 10-00555 JMS, Cr. No. 07-00268-08 JMS, Order: (1) DISMISSING Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in a Federal Custody; and (2) Denying a Certificate of Appealability